**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**JOSHUA A. DUQUE,**

    **Plaintiff,**

    v.                                                  **CASE NO.  20-3261-SAC**

**TIM EASLEY, et. al,**

    **Defendants.**

## ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983.  Plaintiff filed a motion for leave to proceed *in forma pauperis*.  (Doc. 2.)  On October 19, 2020, the Court entered a Notice of Deficiency (Doc. 3), directing Plaintiff to provide the financial information required by federal law to support his motion.  *See* 28 U.S.C. § 1915(a)(2).  Because Plaintiff failed to supply the missing financial information by the Court's November 18, 2020 deadline, the Court entered an Order to Show Cause (Doc. 4) ("OSC"), directing Plaintiff to show good cause why this action should not be dismissed without prejudice.  Plaintiff has failed to respond by the Court's December 7, 2020 deadline.  The OSC was mailed to Plaintiff at his current address of record and was returned as undeliverable.  (Doc. 5.)  The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk in writing of any change of address or telephone number.  Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice."  D. Kan. Rule 5.1(c)(3).  Plaintiff has failed to provide the Court with a Notice of Change of Address and has failed to respond to the OSC by the Court's deadline.

Plaintiff has failed to show good cause why this action should not be dismissed without prejudice pursuant to Rule 41(b) for failure to comply with court orders. Rule 41(b) of the Federal Rules of Civil Procedure "authorizes a district court, upon a defendant's motion, to order the dismissal of an action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or 'a court order.'" *Young v. U.S.*, 316 F. App'x 764, 771 (10th Cir. 2009) (citing Fed. R. Civ. P. 41(b)). "This rule has been interpreted as permitting district courts to dismiss actions *sua sponte* when one of these conditions is met." *Id*. (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)). "In addition, it is well established in this circuit that a district court is not obligated to follow any particular procedures when dismissing an action *without prejudice* under Rule 41(b)." *Young*, 316 F. App'x at 771–72 (citations omitted).

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed without prejudice** pursuant to Rule 41(b) for failure to comply with court orders.

**IT IS FURTHER ORDERED THAT** Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **denied.**

**IT IS SO ORDERED**.

**Dated December 9, 2020, in Topeka, Kansas.**

> <u>s/ Sam A. Crow</u>
> **Sam A. Crow**
> **U.S. Senior District Judge**